United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Keith A. Bradford  
    Debtor

Case No. 15-14788-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Virginia     Page 1 of 1     Date Rcvd: Mar 29, 2017  
                       Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 31, 2017.  
db          +Keith A. Bradford,   629 Fanshawe Street,   Philadelphia, PA 19111-4713

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 31, 2017                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 29, 2017 at the address(es) listed below:

        CHRISTOPHER A. DENARDO    on behalf of Creditor    Nationstar Mortgage LLC, et al pabk@logs.com  
        DENISE ELIZABETH CARLON    on behalf of Creditor    The Bank of New York Mellon as Trustee for  
         Nationstar Home Equity Loan Trust 2007-A bkgroup@kmllawgroup.com  
        JOHN L. MCCLAIN    on behalf of Debtor Keith A. Bradford aaamcclain@aol.com,    edpabankcourt@aol.com  
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor    The Bank of New York Mellon as Trustee for  
         Nationstar Home Equity Loan Trust 2007-A bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com  
        LEEANE O. HUGGINS    on behalf of Creditor    Nationstar Mortgage LLC, et al pabk@logs.com  
        PETER J. ASHCROFT    on behalf of Creditor    Consumer Portfolio Services, Inc.  
         pashcroft@bernsteinlaw.com,  
         pghecf@bernsteinlaw.com;pashcroft@ecf.courtdrive.com;ckutch@ecf.courtdrive.com;cabbott@ecf.courtd  
         rive.com  
        THOMAS I. PULEO    on behalf of Creditor    The Bank of New York Mellon as Trustee for Nationstar  
         Home Equity Loan Trust 2007-A tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
        WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,  
         philaecf@gmail.com  
        WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com  
                                                                                                                                         TOTAL: 10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13
    KEITH A. BRADFORD, :
        Debtor : Bky. No. 15-14788 ELF

# O R D E R

AND NOW, upon consideration of the Motion to Approve Mortgage Modification ("the Motion") (Doc. # 70 ) filed by **The Bank of New York Mellon as Trustee for Nationstar Home Equity Loan Trust 2007-A** ("the Lender"), and after notice and hearing, and there being no objection thereto, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor is **AUTHORIZED** to enter into the loan modification transaction as set forth in the Motion and to the extent that relief from the automatic stay is necessary for the parties to enter into the transaction, such relief is **GRANTED** to the Lender.

3. Except as provided in Paragraph 4 below, if applicable, the confirmed plan remains **IN FULL FORCE AND EFFECT** and **THE TRUSTEE MAY DISTRIBUTE THE PLAN PAYMENTS** as provided in the plan.

4. If: (a) the confirmed chapter 13 plan provides for the cure of prepetition arrears under 11 U.S.C. §1322(b)(5) and (b) the loan modification provides for reinstatement of the loan account and the elimination of the pre-petition arrears, **THE TRUSTEE SHALL MAKE NO FURTHER DISTRIBUTION TO THE LENDER** on account of the Lender's claim for pre-petition arrears under the confirmed chapter 13 plan and shall distribute the plan payments in accordance with the other provisions of the confirmed plan.

**Date: March 29, 2017**

_____
ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE