United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 15-14788-elf
Keith A. Bradford                                                       Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2            User: admin              Page 1 of 1              Date Rcvd: Dec 08, 2017
                                Form ID: 3180W          Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 10, 2017.
```
db              +Keith A. Bradford,    629 Fanshawe Street,    Philadelphia, PA 19111-4713
13558257        +John L. McClain and Associates,    PO Box 123,    Narberth, PA 19072-0123
13572431        +The Bank of New York Mellon et.al.,    Nationstar Mortgage, LLC,    P.O. Box 619096,
                  Dallas, TX 75261-9096
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: bankruptcy@phila.gov Dec 09 2017 01:10:06     City of Philadelphia,
                  City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                  Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 09 2017 01:09:19
                  Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
                  Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 09 2017 01:10:00     U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
13652568        +E-mail/Text: bankruptcy@phila.gov Dec 09 2017 01:10:06
                  CITY OF PHILADELPHIA, LAW DEPARTMENT  TAX UNIT,    MUNICIPAL SERVICES BUILDING,
                  1401 JOHN F. KENNEDY BLVD., 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
13605338        +E-mail/Text: bankruptcy@consumerportfolio.com Dec 09 2017 01:09:53
                  CONSUMER PORTFOLIO  SERVICES , INC.,    PO BOX 57071,    IRVINE, CA 92619-7071
13574896        +EDI: DRIV.COM Dec 09 2017 01:03:00     SANTANDER CONSUMER USA INC.,    P.O. BOX 560284,
                  DALLAS, TX 75356-0284
                                                                                              TOTAL: 6
```

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 10, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2017 at the address(es) listed below:
```
          CHRISTOPHER A. DENARDO    on behalf of Creditor    Nationstar Mortgage LLC, et al pabk@logs.com
          DENISE ELIZABETH CARLON    on behalf of Creditor    The Bank of New York Mellon as Trustee for
           Nationstar Home Equity Loan Trust 2007-A bkgroup@kmllawgroup.com
          JOHN L. MCCLAIN    on behalf of Debtor Keith A. Bradford aaamcclain@aol.com,   edpabankcourt@aol.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    The Bank of New York Mellon as Trustee for
           Nationstar Home Equity Loan Trust 2007-A bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
          LEEANE O. HUGGINS    on behalf of Creditor    Nationstar Mortgage LLC, et al pabk@logs.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    The Bank of New York Mellon as Trustee for
           Nationstar Home Equity Loan Trust 2007-A bkgroup@kmllawgroup.com
          PETER J. ASHCROFT    on behalf of Creditor    Consumer Portfolio Services, Inc.
           pashcroft@bernsteinlaw.com,   ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
          THOMAS I. PULEO    on behalf of Creditor    The Bank of New York Mellon as Trustee for Nationstar
           Home Equity Loan Trust 2007-A tpuleo@kmllawgroup.com,    bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 11
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Keith A. Bradford** | Social Security number or ITIN  **xxx–xx–0686** |
|  | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) |  | Social Security number or ITIN  _ _ _ _ |
|  | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **15–14788–elf** | |

# Order of Discharge                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Keith A. Bradford

12/7/17                                                     **By the court:**      Eric L. Frank
                                                                                 United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**